No. 26,131.

D. O. EBERLE, *Appellee*, v. THE LOYAL PROTECTIVE INSURANCE COM-
PANY OF BOSTON, MASSACHUSETTS, *Appellant.*

SYLLABUS BY THE COURT.

1. TRIAL—*Instructions—Burden of Proof.* An instruction which places on the
   plaintiff the burden of proving his case, and which instructs the jury that
   when the plaintiff has proved his case the burden shifts to the defendant,
   is not so erroneous as to cause a reversal of the judgment where all the
   facts concerning the matters in controversy are fully shown by the evi-
   dence.

2. HEALTH INSURANCE — *Proof of Disability — Conflicting Statements — Evi-
   dence.* Under a health insurance policy which provides that "statements of
   fact made in all proofs submitted shall be conclusive upon the claimant,"
   evidence may be admitted to explain two contradictory proofs made by
   the claimant to secure payment of the indemnity agreed on in the policy.

3. APPEAL AND ERROR—*Review—Presentation in Lower Court—Calculating In-
   terest.* Error in calculating interest under a verdict must be called to the
   attention of the trial court before the judgment will be reversed for that
   reason.

Appeal from Brown district court; C. W. RYAN, judge. Opinion filed Octo-
ber 10, 1925. Affirmed.

*W. H. Crawford,* of Horton, for the appellant; *Frederick H. Nash,* of Boston,
Mass., of counsel.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt,* all of Topeka, and
*Edwin Brown,* of Washington, D. C., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment on a policy of
health and accident insurance issued by the defendant, for dis-
ability caused by sickness, and the defendant appeals.

The policy contained the following provisions:

"The Loyal Protective Insurance Company . . . promises to indemnify
D. O. Eberle [hereinafter called the insured], occupation express agent,
. . . against disability of one or more days duration, resulting in case of
injury wholly from causes originating entirely after the date hereof; and in
case of sickness, except as hereinafter provided, resulting wholly from causes
originating entirely after sixty days following the date hereof, at the rate of
$20 per week from accident and $20 per week for sickness, hereinafter called
weekly accident indemnity and weekly sickness indemnity, respectively:

1. Appeal and Error, 4 C. J. § 3013.   2. Health Insurance, 29 C. J. § 8.   3. Ap-
peal and Error, 3 C. J. § 781.

*Provided,* That in no event shall said indemnities be paid for a longer total period for one or more accidental injuries, or one or more sicknesses than fifty-two weeks . . .

"Statement of facts in all proofs submitted shall be conclusive upon the claimant. . . .

"Affirmative proof of loss must be furnished to the company at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the company is liable. . . ."

The evidence tended to show that on August 28, 1922, the plaintiff made application to defendant for a policy indemnifying plaintiff from accident and disability from sickness; that such a policy was issued September 19, 1922; that the plaintiff became sick and disabled February 1, 1923, and on March 6, 1923, filed application for indemnity and made proof of claim for compensation; that in the proof of claim for compensation he stated he had first noticed the effects of his sickness about September 1, 1922; that on August 28, 1923, he made another application for weekly indemnity in which he stated he first noticed the effects of his sickness February 1, 1923; that on September 4, 1923, the defendant wrote plaintiff a letter in which they called his attention to the discrepancy in the date that he first noticed the effects of his illness; that he replied he was attacked September 1, 1922, and was disabled February 1; and that he was disabled from February 1, 1923, to the commencement of this action.

On the trial of the case the plaintiff testified that he was mistaken when he stated that he first noticed the effects of his illness September 1, 1922, and that it was in fact February 1, 1923.

1. The defendant complains of the second instruction given by the court as follows:

"The burden of proof in this case is upon the plaintiff to prove, by a preponderance of the evidence, all of the material allegations of his petition. If you believe from the evidence plaintiff has done this, then the burden of proof shifts to the defendant to prove, by a preponderance of the evidence, that the sickness and disability of plaintiff did not result wholly from causes originating entirely after sixty days following the date of said policy, dated September 19, 1922, and that said disability originated on or about September 1, 1922, and prior to the issuance of said policy."

Attention should be called to that part of the instructions in which the issues were stated to the jury, as follows:

"Plaintiff further alleges that on February 1, 1923, and while said policy of insurance was still in force, plaintiff became ill with duodenal ulcers, and was, and ever since said time has been, entirely unable to work. . . .

Eberle v. Loyal Protective Ins. Co.

"Plaintiff further alleges that he duly filed with defendant proof of loss as required under the terms of said policy, and has done all things required to be done thereunder; that the defendant has declined and refused to recognize his claim for benefit, and has wholly neglected and refused to pay said sum."

The instructions stated that the answer alleged:

"That plaintiff's alleged disability, under which he claims, if in fact any disability exists or `did exist, did not result wholly from causes originating entirely after sixty days following the date of said policy, which bears date of September 19, 1922, but that said disability, if any, originated on or about the first day of September, 1922, and prior to the issuance of said policy."

The instruction placed on the plaintiff the burden of proving the allegations of his petition. That was correct. The instruction then went on to state, "If you believe from the evidence plaintiff has done this, then the burden of proof shifts," etc. That was not correct, but the instruction could only be understood by the jury as meaning that after the plaintiff had proved his case, the evidence of the defendant should be considered to disprove that case. That is what the instruction meant. So construed, there was no prejudicial error in it. The evidence on the controverted point, the date of the commencement of the plaintiff's ailment, was all before the jury and it did not matter who introduced it.

2. The defendant contends that "the admission by the court of evidence by the plaintiff in contradiction of a statement of fact in the proof of loss marked 'Plaintiff's exhibit 1' was prejudicial error." The defendant relies on that part of the policy which provides that "statement of facts in all proof submitted shall be conclusive upon the claimant." Two proofs of loss were made, both within the time required by the policy; that is, "within ninety days after the termination of the period for which the company is liable." The explanation to the defendant was also written within that time. The plaintiff made a mistake in stating the time for the beginning of his infirmities. The defendant seeks to hold the plaintiff to the proof which the latter says was not correct. The plaintiff relies on the other proof. Why should the plaintiff be bound by one and have no benefit from the other? The defendant says because the plaintiff wrote a letter in explanation of the contradiction between the proofs.

Which was the correct proof of loss? The proofs and letter did not answer the question. The situation at the trial was one that demanded explanation by the plaintiff. That explanation he gave in

26—119 Kan.

the testimony of which complaint is made. The testimony was admissible to explain the contradiction or ambiguity.

3. The defendant argues that "the verdict of the jury and the judgment of the court in allowing interest on weekly payments of $20 each was contrary to law and against the weight of the evidence, and was prejudicial error." This matter does not appear to have been in any way called to the attention of the trial court, and for that reason cannot be considered now.

Other matters are argued; they are answered by what has been said, and further discussion is unnecessary.

The judgment is affirmed.